94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew HYTHON, Plaintiff-Appellant,
v.
CITY OF STEUBENVILLE, et al., Defendants-Appellees.
 Nos. 95-3629, 95-3669.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 Before: MERRITT, Chief Circuit Judge; JONES and SUHRHEINRICH, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff-Appellant Andrew Hython seeks reversal of the Magistrate Judge's order granting defendants' motion for summary judgment in this action brought under 42 U.S.C. § 1983. In addition, plaintiff challenges the lower court's finding that defendant Stephen M. Stern is entitled under Federal Rule of Civil Procedure 41(d) to an award for costs incurred in defending an earlier, state court suit filed by plaintiff and later voluntarily dismissed. Defendant Stern cross-appeals the Magistrate's failure to dismiss the claims against him on res judicata grounds. We affirm the decision below as to defendants Stern and Jefferson County, but, because there are genuine issues of material fact that preclude the award of summary judgment to defendant Raymond Terry, we reverse in part and remand for a trial on the narrow issue of whether Terry's actions at the time of plaintiff's arrest violated plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.
 
 
 2
 This action arises out of the April 5, 1992, arrest of plaintiff in Steubenville, Ohio. Considering the facts in a light most favorable to the plaintiff, as we must in this appeal from summary judgment for the defendants, the narrative is fairly straightforward. Officers James Marquis and Anthony Andrianno of the Steubenville Police Department, Officer John Myers of the Village of Mingo Junction Police Department, and Raymond Terry, special drug task force agent of the Jefferson County Prosecutor's Office, followed plaintiff's automobile in two unmarked police vehicles. After travelling about four blocks, the police officers stopped plaintiff's car, conducted a frisk of plaintiff and the other occupants of the car, and searched the interior of the car. During the search of the car, the officers discovered two dollar bills which allegedly had been used earlier in the day by police in a "controlled buy" of illegal drugs from plaintiff's brother, Andre Hython. Based on this evidence, the officers arrested plaintiff and charged him under state law with fleeing and eluding police and felony complicity in the trafficking of drugs. After the stop, but before the arrest, several of the officers talked via cellular telephone to defendant Stern, the Jefferson County Prosecutor, to confirm that they had probable cause for plaintiff's arrest.
 
 
 3
 First, we briefly consider the lower court's award of costs to defendant Stern under Fed.R.Civ.P. 41(d). The Rule states:
 
 
 4
 If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.
 
 
 5
 The plain language of Rule 41(d) makes clear that an award under the rule lies within the sound discretion of the trial court. See Wright & Miller, Federal Practice and Procedure: Civil 2d § 2375 at 415 (West 1995). We review an award for abuse of such discretion.
 
 
 6
 Rule 41(d) applies directly to the procedural posture of this case and serves effectively to compensate defendant Stern, who in essence has had to defend the present suit twice, for the costs he incurred in the first action. Plaintiff has made no credible argument that the court below abused its discretion in awarding $2520.70 in costs to Stern, and we can discern none. Accordingly, that portion of the order below granting Stern's motion for costs is affirmed.
 
 
 7
 Second, we consider the grant of defendant Stern's motion for summary judgment. Plaintiff has charged that Stern violated his constitutional rights by incorrectly advising the officers at the scene of the existence of probable cause to arrest plaintiff; that Stern had a "custom" of so misadvising officers, including those who were not from within his jurisdiction; that Stern and Terry conspired to deprive plaintiff of his constitutional rights; and that Jefferson County is liable for all of Stern's alleged misdeeds under a theory of supervisory liability. Plaintiff, in an overlong, poorly supported, and nearly incomprehensible appellate brief, has not pointed to a genuine issue of material fact that would allow him to avoid summary judgment on any of these issues.
 
 
 8
 The court below correctly held that Stern, acting as a prosecutor, was entitled only to qualified, rather than absolute, immunity for any advice that he gave prior to the warrantless arrest of plaintiff. Thus, if any reasonable prosecutor would have understood that Stern's actions violated plaintiff's clearly established right not to be unconstitutionally seized and searched, Stern would not be protected by immunity. The Magistrate summarized as follows the information available to Stern at the time his advice was sought:
 
 
 9
 (1) Terry had received a phone call from an anonymous person who stated that Andre Hython, his brothers, and Lamont Whatley were selling narcotics outside a church in Steubenville; (2) narcotics officers had made a controlled buy of crack cocaine from Andre Hython; (3) a warrant was issued to arrest Andre Hython; (4) officers in search of Andre Hython believed that they witnessed him in plaintiff's car; (5) the officers turned around and began following plaintiff's vehicle at which point it increased speed; (6) two of the officers witnessed an occupant of the vehicle throw something from the vehicle; (7) an officer retrieved the thrown object and it was suspected to be crack cocaine; (8) after calling in police cruisers, the officers were able to stop plaintiff's vehicle; (9) a plain-view search of the vehicle resulted in the discovery of two one-dollar bills that were used in the controlled buy; and (10) the dollar bills were found wrapped in plaintiff's drivers license.
 
 
 10
 Plaintiff correctly points out that several of the above facts are disputed. For example, plaintiff contends that he did not violate any traffic laws and that no object was thrown from his car during the chase. However, credibility disputes over these points, which go to the issue of whether the arresting officers had probable cause to stop and arrest plaintiff, are not material to the issue of whether Stern made an incorrect probable cause determination that violated plaintiff's rights. A reasonable prosecutor could, when presented with the above alleged facts, determine that probable cause existed to arrest a suspect for fleeing and eluding and complicity in drug trafficking. Plaintiff has introduced no evidence that Stern gave his advice based on considerations other than those claimed by defendants. Plaintiff has introduced no evidence that Stern should not have trusted the officers at the scene to give him correct information. Thus, even if Stern suggested possible charges on which to arrest plaintiff, rather than only confirming the arresting officer's own assessment of the situation, there is no evidence that the giving of such advice was a violation of plaintiff's constitutional rights. Nor is there any evidence that Stern had a "custom" of making bad probable cause determinations, or that Stern conspired with anyone to deprive plaintiff of his constitutional rights. Accordingly, that portion of the lower court decision granting defendant Stern's motion for summary judgment is affirmed. Because defendant Jefferson County can only be found liable if Stern is liable, we also affirm the grant of summary judgment to Jefferson County.
 
 
 11
 Finally, we must consider defendant Terry's motion for summary judgment. Unlike Stern, Terry was at the scene of the allegedly unconstitutional seizure and search of plaintiff. Thus, genuine issues of material fact which relate to the circumstances of plaintiff's arrest will be enough to preclude summary judgment in Terry's favor.[1] The court below summarily concluded that defendant Terry did not have the authority to arrest plaintiff, and that Terry did nothing at the scene of plaintiff's arrest "other than look inside the vehicle and talk to defendant Stern on the cellular phone." However, on this motion for summary judgment, the evidence must be read in the light most favorable to plaintiff. If it is so read, a finder of fact might conclude: that plaintiff did not break any traffic laws or attempt to elude the police (B. Hython 1994 statement at 10-11, 20; Lamont Whatley 1994 statement at 10-11, 26); that no one in plaintiff's car threw any drugs out of the car's window (B. Hython 1994 statement at 30-31; Whatley 1994 statement at 12); that all of the officers at the scene of the arrest, including Terry, drew their weapons on plaintiff (Andrew Hython 1992 deposition at 44; Brawson Hython 1992 testimony at 8, 12, 15; B. Hython 1994 statement at 7, 13); and that Terry personally searched plaintiff's vehicle (A. Hython 1992 dep. at 49; B. Hython 1994 statement at 16). If plaintiff's version of the facts is accepted as true, a reasonable fact finder could conclude that probable cause did not exist for his arrest. In addition, a jury could find that Terry participated in the arrest and search of plaintiff, whether he was authorized to do so or not. While the court below may have found the defendants more credible than the plaintiff's witnesses on all material issues, such is not a determination that can be made on summary judgment. Accordingly, that part of the Magistrate's order granting defendant Terry's motion for summary judgment is reversed, and the case is remanded for further proceedings in light of this opinion.
 
 
 
 [1]
 The other officers present at the scene of the arrest, the City of Steubenville, and the Village of Mingo Junction have all reached a settlement agreement with plaintiff and are no longer parties to this action